IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : <br> d/b/a IOU FINANCIAL, INC : <br> : <br> Plaintiff, : <br> vs. : CASE NO. <br> : <br> I M ELECTRIC, INCORPORATED, : <br> IVAN MILIVOJEVIC, : <br> LYNN MILIVOJEVIC : <br> : <br> Defendants. : | |

# **COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. §1332.

2. Defendant IM Electric [IME] is a corporations incorporated in Illinois, the location of its principal places of business, of which it is a citizen per 28 U.S.C. § 1332.

3. Defendants Ivan Milivojevic [IMand Lynn Milivojevic [LM] are individuals domiciled in and citizens of Illinois per 28 U.S.C. § 1332 who are married.

4. Per §1332, jurisdiction exists as to the diverse parties and the sum in controversy exceeds $76,000.00 per the value of the relief from plaintiff's perspective, with attorney's fees. ***America's v. Coleman***, 360 F.3d 786 (7th Cir. 2004); ***BEM v. Anthropologie***, 301 F.3d 553 (7th Cir. 2002) The object of this litigation is debt enforcement in a principal sum over $76,000.00. ***United v. Mina***, LEXIS 19833 (N.D. Ill. 2012) Per § 1367, jurisdiction exists on all claims.

5. Personal jurisdiction exists and is proper, per § 735 ILCS 5/2-209 *et seq* and/or the Constitution as the Defendants reside in Illinois and claim ownership and/or lien interests in real property forming a basis for this action.

6. Under 28 U.S.C. § 1391 and § 93, venue is proper as Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and property at issue in this action is located in this District.

7. The individual Defendants reside at 5320 Cedar Drive, Naperville Illinois, 60564, Parcel Id. 07-01-20-205-013-0000 valued over $76,000.00. [The Residence]

8. The sole, principal place of business of Defendant IM is the Residence.

9. Defendant IM is the President of IM of which Defendant LM is the Secretary.

10. On or about 3/14/18, IM submitted a Loan Application to IOU's website, at its Georgia office, through a broker, for a commercial loan [Loan]

11. In the Application, IM represented to IOU (a) he sought a commercial loan from IOU on behalf of IME; (b) whose address was the Property; (c) the loan was solely for the alleged business/commercial purposes of contracts/capital; (d) which they would and could repay; (e) authorized ACH withdrawals from their business account; (f) submitted bank statements and other documents to this effect.

12. On or about 3/21/18, IM spoke by phone with IOU's Georgia staff confirming the information in the Loan Application, the telephone call and in the below Loan Documents.

13. IOU confirmed IME's status and occupancy of the Property.

14. IM and IME did not disclose others beside them at the Property aside from LM.

15. On 3/21/18, IM electronically executed a Promissory Note to Plaintiff, on behalf of IME for the principal sum of $166,500.00, at Plaintiff's Georgia office, through its website, in

exchange for IOU's Loan funds. [Funds] which confirmed the information in the Loan Application and the telephone call as to the Application, agreeing to application of Georgia law.

16. The Note includes a Security Agreement, by which IM/IME guaranteed their real and/or personal property as collateral for the Loan, also governed by Georgia law, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 21]

17. On 3/21/18, IM electronically executed a Guaranty of the Note, at IOU's Georgia office, through its website, unconditionally guaranteeing performance of the Note and Security Agreement, including on all property owned by him and/or ICAR.

18. Per the Guaranty, IM granted and/or intended to grant the same security interest in his property and that of IME to guaranty performance of the Instruments, including the Security Agreement, as both ultimately received and personally benefitted from the Funds.

19. On 3/21/18, IM executed an Electronic Debit Agreement on behalf of IME, at IOU's Georgia office, through its website, identifying both as the Payor, authorizing electronic payments for the Loan, from their account to Plaintiff's Georgia office, certifying the purpose of this Agreement was to pay the Loan and the accuracy of their account information.

20. On 3/21/18, IM/IME approved disbursement of the Loan Funds, at IOU's Georgia office, through its website, for the alleged purposes of the Loan.

21. On 3/21/18, IM/IME received the Funds by wire transfer from IOU for the alleged purposes of the Loan, from IOU's account at an FDIC-insured bank.

22. IM/IME defaulted on the Instruments in June 2018 and have since not fully complied with their terms.

23. On 10/24/18, IOU recorded a UCC-1 Financing Statement in Illinois providing notice of its Security Agreement and Loan with IM/IME, Instrument No. 197690415840.

24. Upon information, the Defendants jointly received and benefitted from the Funds.

25. The Defendants are jointly and severally liable for the debt, evidenced by the Loan, Instruments and Funds, based upon their fulfillment of at least one of below events; which:

(a). Operate as and constitute a joint enterprise and act as agents for each other such as applying for the Loan and obtaining the Funds;

(b) Operate as and/or are a partnership, from the Residence for their same, related business; share/co-mingle their receipt or right to receive a share of profits of the business; whose principals are IM and LM, intended partners in the business; who participate in or have a right to participate in control of the business; agreed to share and/or shared their business losses or liability for claims by third parties against the business; agreed to contribute or contributed money or property to their business, such as the Funds, to acquire assets and personnel for their

business and/or related business assets; and/or

(c) IM and LM owned and operated IME as their alter-ego, disregarding IME as a separate entity, using IME as a conduit and instrumentality for their personal affairs, such as obtaining the Funds and avoiding payment of the Loan, who share and co-mingled their assets, finances, their ownership and their offices.

(d). IME lacks any existence separate from IM/LM per their unified interest or ownership, a mere subterfuge by IM and LM to avoid payment of Plaintiff's debt, which should be justly disregarded, with full liability for damages and relief imposed upon them.

26. Plaintiff's Note, Guaranty and/or Security Agreement attached to the Residence and/or its proceeds, as well as any other assets of Defendants to which Plaintiff is entitled as holder of the primary interest in them.

27. Alternatively, Defendants did and/or conspired to make false/misleading representations, or omissions of material fact to IOU through IM/IME above and below, who knowingly misrepresented and/or failed to disclose to Plaintiff they (a) sought the Funds only to satisfy their personal debt and/or benefit their business with the other Defendants; (b) promised to repay the Funds which they would not and/or could not repay, per their undisclosed purposes and substantial unpaid liabilities; (c) their documents, such as bank statements and other documents were false; (d) Plaintiff would not have loaned the Funds if these facts were disclosed.

28. IOU actually and justifiably relied on the Defendants' representations as honest and accurate in the Loan Application, Loan Documents, during the call and per their electronic approval for disbursement of the Funds; which resulted in IOU wiring the Funds to them.

29. IOU held and/or owned the Note, Guaranty [Instruments] and claims at issue [Claims] and had standing to enforce them before commencing suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

30. Defendants breached the Instruments and/or did not satisfy the Claims, did not make payments, violated their terms, now in default; IOU accelerated payment of the balance.

31. IOU conferred the Funds evidenced by its Instruments and Claims upon Defendants of which they had knowledge, as shown by their de-facto partnership/agency.

32. Defendants appreciated the benefit of the Funds, which they authorized, requested and/or accepted and ratified, from which they benefitted, such as using them to pay their debts and/or acquire assets and personnel for their business, also paying debts on the Residence and/or related business assets, from which they jointly benefitted.

33. Defendants accepted/retained the Funds, which they should return or compensate, who are otherwise unjustly enriched at IOU's expense, by satisfying debts and/or obtaining assets with the Funds, in which IOU has the senior interest(s), who are indebted to IOU for the unpaid balance of the Funds, plus interest, attorney's fees, costs and other charges per law.

34. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

### COUNT I: REFORMATION AND RELATED RELIEF AS TO ALL DEFENDANTS

35. ¶ 1-34 are incorporated.

36. Upon information, Defendants operate as and constitute a joint enterprise and act as agents for each other; and/or are a partnership, jointly operating from the Property for their business; and/or assumed and are liable for the Loan; detailed above, obtained the Funds, to acquire assets for their business and pay debts, such as the Property and/or other assets.

37. Ultimately, IM/LM obtained the Funds through IM/IME to acquire their assets, or pay their debts, such as on the Property, from which they jointly benefitted and are jointly liable.

38. Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU through HN/ICAR, above/below, who knowingly misrepresented and/or failed to disclose to IOU they (a) sought the Funds only to satisfy their personal debt and/or benefit themselves; (b) promised to repay the Funds which they intended never to repay or which could not be repaid, per their undisclosed purposes and undisclosed liabilities; (c) terminated their online account; (d) their documents, such as bank statements and others were false; (e) IOU would not have loaned the Funds if these facts were disclosed.

39. Defendants conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive Plaintiff into closing its Loan just with IM/IME, which they never intended to repay and/or could not repay, from whom they benefitted by obtaining the Funds.

40. IOU actually and justifiably relied upon the false representations or omissions in paying the Funds to IM/IME and not securing their repayment with all their property and/or not having the Loan Documents executed by all Defendants.

41. The misrepresentations or omissions of material fact of Defendants were calculated by them to deceive IOU, a prudent lender, to illegally obtain and use the Funds, which they would otherwise lack, from which they benefitted by paying their debts and/or investing in their assets, which they concealed as shown above.

42. IOU was proximately and/or actually injured by the misconduct of the Defendants, which reasonably relied upon their above acts and/or omissions in approving and funding the Loan, without repayment of the Funds secured by all Defendants, their properties and assets, which IOU would not have otherwise approved and funded.

43. The Instruments were intended to bind those receiving and benefitting from the Funds, namely all Defendants and their property, in exchange for the Funds.

44. LM was accidentally, mistakenly and/or wrongfully omitted from the Instruments, contrary to their intended purpose, which she authorized, requested and/or accepted and ratified and/or otherwise benefitted, which they seek to evade.

45. The omission of LM from the Instruments unjustly impedes their enforcement and recovery of the Funds for which IOU has no adequate legal remedy.

46. Per 28 U.S.C. § 2201, O.C.G.A. § 18-2-1 *et seq*, 23-1-1 *et seq* and applicable law, IOU requests the Court declare Defendants are an enterprise and/or partnership and/or assumed the Loan; for which they are jointly liable; and/or reform the Instruments to reflect their intended execution by all Defendants, forming a secured interest in their property, such as the Residence, relating back to their execution and/or origination and all just relief.

47. Alternatively, per O.C.G.A. § 51-1-1 *et seq* and applicable law, IOU demands judgment against the Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages and all other just relief.

### COUNT II: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

48. ¶ 1-34, ¶ 36, ¶ 46-47 are incorporated.

49. The property of Defendants was intended as collateral to secure repayment of the Instruments, per the Agreement, including the Residence, maintained by the Funds.

50. LM was accidentally, mistakenly and/or wrongfully omitted from the Instruments, who authorized, requested and/or accepted and ratified and/or otherwise benefitted from their receipt of the Funds, repayment of which she seeks to evade.

51. The omission of LM from the Instruments will permit Defendants to unjustly enrich themselves with the Funds for which Plaintiff has no adequate legal remedy.

52. An equitable lien and/or equitable mortgage to satisfy the Instruments is implied upon the property of Defendants and/or their proceeds, business and personal property and assets and/or proceeds, such as the Residence, to avert unjustly enriching them, who jointly benefitted.

53. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien and/or equitable mortgage on the property of the Defendants and/or their proceeds, and related business assets and/or proceeds, such as the Residence, securing payment of its Instruments, relating back to their execution and/or origination and all just relief.

## COUNT III: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO ALL DEFENDANTS

54. ¶ 1-34, ¶ 36, ¶ 46-47 and ¶ 53 are incorporated.

55. The property of the Defendants was intended as collateral to secure repayment of Instruments, per the Security Agreement, particularly the residences.

56. LM was accidentally, mistakenly and/or wrongfully omitted from the Instruments, who authorized, requested and/or accepted and ratified and/or otherwise benefitted from their receipt of the Funds, such as using at least some of them to pay their personal debs and/or acquire personal or related business assets, repayment of which they seek to evade.

57. The omission of LM from the Instruments will permit Defendants to unjustly enrich themselves with the Funds for which IOU has no adequate legal remedy.

58. A constructive trust to satisfy the Instruments is implied upon the property of the Defendants and/or their proceeds to avert unjustly enriching them, including the Residence,

traceable to the Funds, in which the Defendants cannot otherwise enjoy any beneficial interest without violating established principles of equity.

59. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1, § 53-12-132, and applicable law, IOU requests the Court declare and impose a constructive trust on the property of the Defendants and/or their proceeds, and related business assets and/or proceeds, such as the Residence, securing payment of its Instruments, relating back to their execution and/or origination and all just relief.

### COUNT IV: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

60. ¶ 1-34, ¶ 36, ¶ 46-47, ¶ 53 and ¶ 59 are incorporated.

61. Defendants executed, approved and/or ratified the Instruments, such as accepting the Funds, for which they are jointly and/or severally liable, particularly if the Instruments are reformed to include all Defendants

62. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, now due.

63. IOU accelerated the principal balance of its defaulted Instruments of which the Defendants were given notice and/or notice was not required and/or is futile.

64. The Instruments provide for payment of IOU's attorney's fees/costs.

65. Per O.C.G.A. § 13-1-11, Defendants are notified IOU shall be entitled to enforce and invoke the attorney's fees provisions of the Instruments against them, who will be further indebted for Plaintiff's fees and costs, unless all principal, interest and other charges due to Plaintiff under its Instruments are paid within 10 days after the service date of this Complaint.

66. IOU is entitled to judgment against the Defendants, jointly and severally, for the unpaid principal balance of the Instruments, interest, attorney's fees, costs and other charges.

67. Per O.C.G.A. § 13-1-1 *et seq* and applicable law, IOU demands judgment against the Defendants for damages under the Instrument in the sum of at least $76,000.00, attorney's fees, interest, costs and all just relief.

### COUNT V: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO DEFENDANT LM

68. ¶ 1-34, ¶ 36, ¶ 46-47, ¶ 53, ¶ 59 and ¶ 67 are incorporated.

69. IOU conferred its Funds upon LM of which Defendants have knowledge.

70. LM appreciated the benefit of the Funds which she authorized, requested and/or accepted and ratified with IOU and/or from which she otherwise benefitted, such as using them to acquire and/or maintain the Residence and related business or personal assets.

71. Defendant LM accepted and retained the benefits of IOU's valuable Funds, for which Plaintiff should be compensated to avert unjustly enriching her.

72. IOU expected repayment of the Funds and performance of the Instruments, when the Funds were apparently provided to Defendants.

73. IOU demands judgment against LM for the unpaid balance of the Funds, in the sum of at least $76,000.00, attorney's fees, interest, costs and all just relief.

### COUNT VI: ATTORNEY'S FEES AND RELATED RELIEF AGAINST ALL DEFENDANTS

74. ¶ 1-34, ¶ 36, ¶ 46-47, ¶ 53, ¶ 59, ¶ 67 and ¶ 73 are incorporated.

75. O.C.G.A. § 13-6-11 states as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

76. Defendants acted in bad faith by refusing to compensate IOU for the Funds.

77. Defendants were stubbornly litigious as there was no bona-fide dispute as to their liability to IOU, who refused repay the Funds and made false statements of fact, causing Plaintiff unnecessary trouble and expense to bring this action.

78. IOU demands judgment as to Defendants for its fees, costs and just relief.

79. Defendants IM and LM are not minors; or adjudged as incompetent; were not in the military for the last 30 days; and are not subject to protection per 50 U.S.C. §3901 *et seq.*

Respectfully submitted this 9th day of October 2019.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> ND of IL Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 264-2358
> Email: pwersant@gmail.com
> Attorney for Plaintiff